POLLARD *et al. v.* STANSELL.

(Division A. Feb. 12, 1934.)

[152 So. 646. No. 31014.]

**Ed C. Brewer,** of Clarksdale, and **Fred H. Montgomery,** of Chicago, Illinois, for appellants.

**Maynard, FitzGerald & Venable,** of Clarksdale, for appellee.

Argued orally by **Fred H. Montgomery**, for appellant, and by **W. W. Venable**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

John T. Pollard and H. T. Harsey prosecuted an appeal from a judgment for personal injuries sustained by John W. Stansell on account of a collision between two motor vehicles on a public highway in Washington county.

The declaration of John W. Stansell, appellee, alleges that J. T. Pollard, appellant, was driving a truck, or causing it to be driven, at a very rapid rate of speed. and in a negligent manner, with the result that said truck was hurled or thrown against the side of appellee's car, knocking it into the ditch and injuring appellee. That appellant's truck was being driven negligently because it was being operated at a greater rate of speed than thirty miles per hour, in violation of section 5569, Code 1930.

It is conceded that there was sufficient evidence for the case to go to the jury, and the appellant's only point

which we need consider here is whether or not the court below was in error in instructing the jury that the motor vehicle being driven by appellant was a truck within the meaning of section 5569, Code 1930.

The appellant contends that he was driving a Ford "pick up," and witnesses for the appellant describe the vehicle as a Ford "pick up." The truck was described as a motion vehicle with a seat in front for the driver, and extending from the seat to the rear there is a bed or body such as is generally found on small trucks for the carrying of light freight. It is not built upon a regular Ford truck chassis, but upon the same chassis as the car known as a Ford coupe. The evidence shows that the capacity of this particular vehicle was a half ton or one thousand pounds.

The appellant cites chapter 138, section 5627-1, subsec. 4, Supplementary Code of 1933, as follows: "The word 'truck' shall mean any motor vehicle designed and used principally for the transportation of any property and engaged in the business of transporting property."

Section 5627-2 of the same chapter, Code Supp. 1933, imposes privilege taxs upon commercial motor vehicles or trucks, and, in our opinion, the definition quoted supra was intended to apply to trucks for the purpose of taxation, and was not intended as a limitation or modification of section 5569, Code 1930. The Legislature evidently intended to impose restrictions upon the speed of trucks without regard to whether they are loaded or empty, and without regard to the capacity thereof, and it was not necessary for the appellee, in the court below, to show that this vehicle was used for the transportation of property, or engaged in the business of transporting property. It was capacitated and built to carry freight, and whether or not it was loaded when brought into contact with cars of other travelers on the public highway would make but little difference. The Legislature evidently intended to

obviate the danger of driving that class of motor vehicle upon the public highways and intended to restrict the speed thereof.

The definition of a "truck" insisted upon by the appellant would virtually destroy the statute. It is against the law to operate a truck, or motor vehicle, capacitated and built to carry freight, at a greater rate of speed than thirty miles an hour, loaded or unloaded, and without regard to its capacity. On the other hand, in defining a "truck" the Legislature intended to make a classification for the purpose of receiving from the owners of trucks operating upon public highways what it conceived to be a reasonable proportion of tax for their use.

Section 5569 was designed to protect human life and limb, and, if possible, to reduce the great army of killed and crippled throughout this country; it was intended to prevent the reckless operation of these instrumentalities, which become dangerous when operated at a greater rate of speed than thirty miles an hour upon public highways where others have a lawful right to be.

The case of Hemlock 6400 Tire Co. v. McLemore, 151 Tenn. 99, 268 S. W. 116, is of no aid to appellant here for the reason that the law there construed related to the classification of motor vehicles for tax purposes.

The case of Fidelity & Casualty Co. v. Martin (C. C. A.), 66 F. (2d) 438, involved the construction of an insurance contract wherein an issue of fact was raised, and likewise did the case of Poncino v. Sierra Nevada Life & Casualty Co., 104 Cal. App. 671, 286 P. 729, neither of which are persuasive here.

We think there can be no question but that this motor vehicle was a truck within the meaning of the statute limiting speed, although it may or may not have been a truck for the purpose of excise taxation. We think the lower court committed no error in assuming that the motor vehicle was a truck.

There is much complaint about all the instructions given by the court at the request of the plaintiff. When considered all together, we think there is no doubt that the jury was informed, and thoroughly understood, that the appellee must show by a preponderance of the evidence that the appellant was negligent, and also the extent and amount of appellee's injuries.

From all the evidence in the case, and when all the instructions are read together, we think the jury was not misled, and that it thoroughly understood that the case was to be tried on the evidence adduced at the trial.

The instructions must be considered together. We do not mean to approve the language of the instructions, nor the giving of so many in this character of case.

Affirmed.