(July 3, 1962)

■ Herman C. Pollock v. Bruce Barton.— Motion for an extension of time or for a stay denied. Motion for leave to defend as a poor person and for other relief granted only insofar as to dispense with the printing of the respondent's points on the instant appeal, on condition that the respondent serves one typewritten or mimeographed copy of his respondent's points on the attorney for appellant and files 6 typewritten or 19 mimeographed copies of his respondent's points with this court. In all other respects, the motion is denied. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

■ Eleanor Guidetti et al., Respondents, v. Columbus Hospital, Appellant.— Judgment in favor of plaintiffs, after a trial before a court without a jury, unanimously reversed on the law and on the facts, with costs to appellant, and the complaint dismissed. The trial court found that plaintiff, Eleanor Guidetti, suffered an injury while a patient in defendant's hospital, because of the negligence of defendant in failing to provide side boards on the patient's bed. That conclusion was reached on the basis of a finding that defendant's employees should have been aware of the physical and mental condition of the patient in sufficient time to have provided side boards for her safety. In our view of the evidence, no negligence on the part of the defendant was proven. The patient was admitted in the morning of December 10, 1957 and the accident occurred at about 6:00 P.M. on the following day. She was attended by her own private physician, who gave all the instructions for her care and medication; but he gave no directions nor any indication that bed rails were required. In fact, the nurses were informed by the physician that the patient was to have "bathroom privileges." Upon the proof in this case we find that under all of the circumstances of the admission, treatment and care of the patient, there was no negligence in failing to supply side boards to the patient before the accident happened, and that the employees of the hospital could not reasonably anticipate that bed rails would be needed to prevent the patient from falling out of bed. In view of this finding, we should — since the case was tried by the court without a jury — grant the motion for judgment which the court below ought to have granted (Civ. Prac. Act, § 584, subd. 2; *Calabria* v. *City & Suburban Homes Co.*, 5 A D 2d 983, affd. 5 N Y 2d 918; *Greater N. Y. Ins. Co.* v. *Perry*, 6 A D 2d 432, 437). Settle order on notice. Concur — Botein, P. J., Valente, Stevens, Steuer and Bergan, JJ.