JOSEPH ZOPHY, as Administrator of the Estate of RITA E. ZOPHY, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 43630.)

Fourth Department, May 18, 1967.

*Kiley, Feldmann, Whalen, Fuller & Devine* (*William D. Kiley* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* of counsel), for respondent.

*Per Curiam.* Claimant's decedent, a 42-year-old woman, voluntarily entered Marcy State Hospital for treatment of chronic alcoholism. She was examined and medication was ordered. One Dr. Tabrizi, an Iranian doctor, unlicensed in New York State but licensed as a foreign graduate, attended her. On the day after her admission she experienced a convulsive seizure and fell to the floor, causing a one-inch laceration under her right eye. The seizure lasted about four minutes, during which she frothed at the mouth and became very rigid. A bandage was applied and a change of drugs prescribed. A report was made in the ward accident book, but there was no compliance with Mental Hygiene General Order No. 23, which provides procedures to be followed when accidents occur. There is no indication in the hospital records that any physician gave her any special attention after this episode. The following night she suffered a *grand mal* seizure lasting about 10 minutes, during which she fell to the floor again, striking her head, causing a two-inch scalp laceration. She remained unconscious, her body became rigid, and she bled from the mouth and the nose. She was attended by Dr. Tabrizi, who ordered an X-ray.

The hospital records show that the X-ray film was unsatisfactory, but indicated a faint linear line which might be a fracture. No other X-rays were taken. She remained unconscious, her pupils were dilated and did not react to light, and her condition was obviously grave. A staff doctor ordered pulse and respiratory examinations every half hour and she was transferred to the acute surgical ward. The hospital record shows a gradual and steady deterioration of her condition with her temperature mounting to 104 degrees and her blood pressure dropping to 90/62. She remained comatose, one or both pupils continued dilated, her right arm rigid and there were tremors in her right leg. A private neurologist was consulted but no special attention was given by any qualified staff physician. About two and a half days after the second fall she died. The cause of death was recorded as " bilateral subdural hemorrhage, frontal, due to accidental fall, depressed fracture at base of skull ". Medical testimony produced by claimant stated that the treatment afforded patient after her first seizure was inadequate by accepted standards. Prudent medical practice required more intensive care and more than the one unsatisfactory X-ray, also immediate brain examination and tests and perhaps surgery to relieve the pressure created by the hemorrhage. The failure to make the required record after the first fall may well have led to the improper procedures and lack of precautions which resulted in the second fall. Dr. Tabrizi was not a senior medical officer or a senior psychiatrist (see Mental Hygiene Law, § 27, subd. 4) and qualified physicians did not attend her, as they should have with such a critically ill patient. No senior medical officer competent to make a professional judgment was assigned to her. The trial court's finding that only a question of professional judgment was involved is against the weight of the evidence. The record impels the conclusion that the hospital was negligent in its failure to adopt proper rules and regulations, or in failing to carry out any rules, regulations and methods for the safety and treatment of decedent. The hospital owed a duty to exercise " reasonable care and diligence not only in treating but in safeguarding a patient, measured by the capacity of the patient to provide for his own safety " (Robertson v. Towns Hosp., 178 App. Div. 285, 287). (See, also, Hendrickson v. Hodkin, 276 N. Y. 252, 258.) A hospital can be found liable for failure to provide experienced personnel (Stern v. Yasuna, 15 N Y 2d 741, 743). The failure to have informed the more experienced personnel of decedent's deteriorating condition resulted in the improper treatment and

cast responsibility upon the hospital (*Garafola* v. *Maimonides Hosp.*, 22 A D 2d 85, 87).

On this record the State should not avoid liability for its negligence in the treatment of decedent. The case should be remanded to the Court of Claims solely for the assessment of damages to claimant. Certain findings of fact and conclusions of law reversed and new findings and conclusions made.

BASTOW, J. P., GOLDMAN, DEL VECCHIO and MARSH, JJ., concur.

Judgment unanimously reversed on the law and facts, with costs, and matter remitted to the Court of Claims solely for the assessment of damages. Inconsistent findings of fact disapproved and reversed and new findings made as contained in the opinion.