ELWOOD MOSSMAN, Appellant, *v.* ALBANY MEDICAL CENTER HOSPITAL, Respondent.

Third Department, June 2, 1970.

*Connor, Millman & Connor (John G. Connor* of counsel), for appellant.

*Maynard, O'Connor & Smith (John A. Murray* of counsel), for respondent.

COOKE, J.   This is an appeal from a judgment of the Supreme Court, entered June 18, 1969 in Columbia County, which dismissed the complaint, and from an order, entered June 16, 1969, which directed dismissal and final judgment for defendant, after the jury had rendered a verdict for plaintiff.

On January 30, 1965, plaintiff entered defendant's hospital suffering from osteomyelitis of the right femur.   On February 9, after a saucerization, or channeling and curetage, of the diseased member was performed, he was returned to his room in the hospital's Unit K-3, a section caring for 39 to 41 patients.   Bed rest was ordered.   On the morning of February 18 plaintiff fractured his femur at the site of the infection, there being testimony that he fell out of bed as well as of an admission that he was attempting to walk to the bathroom.   The complaint alleges that defendant hospital negligently allowed plaintiff to be placed in a bed not equipped with sideboards, from which he

fell while in a weak and helpless condition and because of their absence, and that it had inadequate and inexperienced help and failed to properly observe and care for him.

There was no proof that defendant had notice previous to the accident of any deliriousness or confusion on the part of plaintiff in the period prior to the accident, so that it could be anticipated therefrom that bed rails would be needed (cf. *Guidetti* v. *Columbus Hosp.*, 17 A D 2d 609). Plaintiff's attending physician testified that in the three or four days prior to the fracture he had not directed that bed rails be placed in position on his patient's bed and that nothing in plaintiff's condition in the two- or three-day period previous thereto suggested a need for them. Negligence cannot be premised alone upon the hospital's failure to erect bed rails in the absence of a professional medical direction to that effect, since the decision to use that equipment is medical in nature (*Pivar* v. *Manhattan Gen.*, 279 App. Div. 522; *Grace* v. *Manhattan Eye, Ear & Throat Hosp.*, 276 App. Div. 955, affd. 301 N. Y. 660). This is in contrast to a situation involving a failure to erect rails after the medical judgment has been exercised and an order made for their use (*Gordon* v. *Harbor Hosp.*, 275 App. Div. 1047; *Ranelli* v. *Society of New York Hosp.*, 269 App. Div. 906, affd. 295 N. Y. 850). In order to hold a hospital liable, there must be negligence and, if the acts complained of as being negligent are such as to require professional skill and knowledge, then it is a case of malpractice which must conform to the evidential rules long invoked in such a case (*Morwin* v. *Albany Hosp.*, 7 A D 2d 582, 585). There being no expert testimony that the hospital was negligent in not erecting sideboards, or in recognizing the need for their use, plaintiff's case, as predicated on that omission, failed of proof and was properly dismissed.

The 14 employees assigned to the Unit K-3 at the time of the accident included a registered nurse with over 13 years' experience, five student nurses completing their last semester of three years of study, six student practical nurses, a floor clerk and an orderly. Additionally, there were available an undisclosed number of interns and residents employed by the hospital. Every witness who testified as to the adequacy of the staff concluded that sufficient help was available for the needs of the patients. A duty is owed by hospitals to exercise reasonable care and diligence, not only in treating but in safeguarding a patient, indicated at least in part by the capacity of the patient to provide for his own safety (*Hendrickson* v. *Hodkin*, 276 N. Y. 252, 258). It is measured by the degree of care, skill and diligence customarily exercised by hospitals generally in the com-

munity (*Judd* v. *Park Ave. Hosp.*, 37 Misc 2d 614, 616, affd. 18 A D 2d 766; *Garfield Mem. Hosp.* v. *Marshall*, 204 F. 2d 721, 725; 2B Warren, Negligence [3d ed., 1966], Hospitals, § 2). Here, there is no proof of specific negligence as to the staffing of the hospital nor is there proof of any standard of care to which defendant failed to adhere.

The order and judgment should be affirmed, with costs.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT and SWEENEY, JJ.. concur.

Order and judgment affirmed, with costs.