■ EUNICE F. SHUMALSKI et al., Respondents, v JOANNE E. LEONE, Appellant.—Appeal (1) from a judgment of the Supreme Court in favor of plaintiffs, entered March 29, 1976 in Ulster County, upon a verdict rendered at a Trial Term, and (2) from an order of said court, entered May 13, 1976, which denied defendant's posttrial motion to set aside the verdict. Briefly stated, the female plaintiff sustained injuries to her back and head when defendant's automobile slammed into the car that she was driving. Defend-

ant conceded liability and a lengthy trial to determine damages followed. The jury awarded the female plaintiff $23,500 for pain and suffering, and awarded her husband $3,500 on his derivative action and $650 for property damage. Defendant appeals, arguing in the main that damages were excessive. In general, an appellate court will not disturb a jury's assessment of damages unless it is so excessive or inadequate that it shocks the conscience of the court *(Welty v Brown,* 57 AD2d 1000, app dsmd 42 NY2d 995). The court should be particularly reluctant to interfere with the jury's function when matters of credibility are involved. In the case at bar, plaintiff's primary complaint centers around an injury to her lower back. The case was not atypical in its depiction of the injury, subsequent pain and suffering and treatment involved. Nor was the claim of continuing and seemingly permanent injury extraordinary. The jury chose to credit plaintiff's testimony that any physical activity brought resurgence of pain. Such complaints are common with low back injuries. Further, this plaintiff was a young and vigorous sportswoman and housekeeper. Defendant did not discredit her testimony that she had to curtail her activities markedly. The jury was well within its rights in determining that plaintiff had suffered inordinately, that she will likely face more pain in the future and that treatments could continue indefinitely. We will not disturb the award. We fail to perceive any error in the trial court's conduct of the trial or in its refusal to grant a mistrial during jury selection. Its rulings on expert testimony were fully consonant with the law. As for plaintiffs' attorney's reference to no-fault insurance, we agree with the Trial Judge that the subject was raised only to clarify the setting of the trial and no prejudice resulted. Order and judgment affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.