423 So.2d 1319 (1982)
A.C. LAMBERT, Sr., Chairman of the Mississippi State Tax Commission
v.
Alton J. OGDEN, Sr., and Alton J. Ogden, Jr., a Partnership d/b/a Ogden Oil Company.
No. 53538.
Supreme Court of Mississippi.
December 15, 1982.
Rehearing Denied January 12, 1983.
*1320 James H. Haddock, Joe D. Gallaspy, Bobby R. Long, Gary W. Stringer, Jackson, for appellant.
Mulhearn & Mulhearn, John E. Mulhearn, Jr., Natchez, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
SUGG, Presiding Justice, for the Court:
Appellee sued appellant as authorized by section 27-67-25 Mississippi Code Annotated (1972) for a refund of use taxes[1] paid by them claiming that the assessment of use tax made by the Tax Commission was incorrect.
Appellees purchased three vehicles called workover rigs and paid use tax at the rate of three percent (3%) of their cost. Auditors for the Mississippi State Tax Commission conducted an audit of the use tax paid by appellees on the workover rigs and made an additional assessment of use tax. The auditors determined that a portion of the workover rigs should be classified as trucks and taxed at three percent (3%) of cost, but the attached equipment mounted on the trucks should be taxed as other personal property at five percent (5%) of cost. Appellees appealed to the Board of Review which upheld the auditors' assessment. Appellees then appealed to the Mississippi State Tax Commission which entered an amended order reversing the Review Board. The amended order of the Tax Commission stated:
Portable work-over rigs are not `trucks' within the contemplation of section 27-65-17, Mississippi Code of 1972, so as to be taxed at three percent (3%) on the cost of the truck and five percent (5%) on the attached equipment, but are integral units of equipment taxed at five percent (5%) of cost or value.
Appellees paid the additional tax required by the Tax Commission and filed suit in the Chancery Court of Adams County to recover the tax they claimed was incorrectly assessed. The Chancery Court reversed the order of the Tax Commission holding that the workover rigs were trucks within the contemplation of the sales tax statute and ordered a refund of the excess use tax paid by appellees.
*1321 Section 27-65-17 Mississippi Code Annotated (1972) provides for a sales tax on all personal property sold in Mississippi at the rate of five percent (5%) of the sales price. Certain exceptions are set forth in the statute and appellees contend that the work-over rigs were trucks and thus taxable at three percent (3%) of the cost in accord with the third paragraph of section 27-65-17[2] which states:
Retail sales of aircraft, automobiles, trucks and truck-tractors shall be taxed at the rate of three percent (3%).
The question facing this Court on appeal is, what is a truck?
The sales tax statute does not define a truck and we have searched other statutes for a definition of a truck, but find none. Section 63-3-103(a), (b) Mississippi Code Annotated (Supp. 1982) defines a vehicle and a motor vehicle but does not define a truck.
Where a popular word is used in a statute with no statutory definition, we follow the well established rule that popular words in a statute must be accepted in their popular sense, and the Court must attempt to glean from the statute the legislative intent. Mississippi Power Co., et al v. Jones, 369 So.2d 1381 (Miss. 1979); Texas Co. v. Wheeless, 185 Miss. 799, 187 So. 880 (1939); State v. J.J. Newman Lumber Co., 103 Miss. 263, 60 So. 215 (1912).
Webster's Third New International Dictionary defines a truck as "An automotive vehicle built for the transportation of goods on its own chasis." In Pollard v. Stansell, 169 Miss. 136, 152 So. 646 (1934) the Court had for its consideration whether a motor vehicle was a truck within the meaning of section 5569 Mississippi Code of 1930. In holding that the vehicle was a truck the Court stated:
The appellant contends that he was driving a Ford "pick up," and witnesses for the appellant describe the vehicle as a Ford "pick up." The truck was described as a motion vehicle with a seat in front for the driver, and extending from the seat to the rear there is a bed or body such as is generally found on small trucks for the carrying of light freight. It is not built upon a regular Ford truck chassis, but upon the same chassis as the car known as a Ford coupe. The evidence shows that the capacity of this particular vehicle was a half ton or one thousand pounds.
The appellant cites chapter 138, section 5627-1, subsec. 4, Supplementary Code of 1933, as follows: "The word `truck' shall mean any motor vehicle designed and used principally for the transportation of any property and engaged in the business of transporting property." (169 Miss. at 139, 152 So. at 646).
The statutes referred to in Pollard have been repealed so no statutory definition of a truck remains in the statutory law of this state. However, the statutory definition of a truck under consideration in Pollard is essentially the same as the definition contained in Webster's Third New International Dictionary.
Appellant offered a definition of a truck in its brief as follows:
A self-propelled motor vehicle designated primarily to haul freight or cargo. (River Oakes Motor Homes, Inc. v. Winnebago Industries, Inc., 371 F. Supp. 137, 139 (D.C.S.D.Tex. 1974)
The Mississippi State Tax Commission relied upon its own Rule 25 for a definition of a truck as follows:
RULE 25. Automobile, Truck And Truck-Tractor Dealers.
Terms and Definitions. "Automobiles, trucks and truck-tractors" shall include only vehicles which are commonly known to the trade as such and which are used only on the public highways. The term includes motor homes (self-propelled) but does not include mobile homes, campers, trailers, semi-trailers, motorcycles, warehouse trucks, drag lines, golf carts and similar vehicles.
*1322 This rule is the Commission's own interpretation of the statute and would generally be entitled to weight in determining legislative intent. State Tax Commission v. J.O. Edmondson, 196 So.2d 873 (Miss. 1967). However, such administrative interpretations lose their value when they conflict or are materially at variance with the statute in question.
Certainly a vehicle which otherwise fits into the category of those considered to be trucks does not lose this classification simply because it is not used on a public highway. We are also not persuaded by the suggestion that a vehicle must be able to obtain a license tag before it can qualify as a truck. The legislature has not defined the word "truck," and Rule 25 sheds no light on our primary question.
Following our rules of construction pertaining to words used in a statute, we conclude it was the intent of the legislature to use the word "truck" in the sales tax statute in its popular sense. We therefore hold that a truck is a self-propelled motor vehicle built for the transportation of freight or cargo on its own chassis.
Having defined the word "truck" as used in the sales tax statute, the next question is, are the vehicles trucks? Appellant takes the position that the vehicles are not trucks but are personal property taxable at five percent (5%) of the cost. Appellee takes the position that all the vehicles are trucks taxable at three percent (3%). The auditors and the Review Board were of the opinion that the chassis, motor, etc. of the vehicles were trucks and taxable at three percent (3%), but the specialized equipment mounted on the trucks was personal property, taxable at five percent (5%). We agree with the opinion of the auditors and the Review Board for the following reasons.
Appellees purchased the three vehicles from Cooper Manufacturing and brought them into the State of Mississippi. All three of the vehicles have the following components: steering wheels, clutches, brakes, wheels, drive differentials, crank-shafts, steering gears, pneumatic tires, engine frames, transmissions, starters, radiators, bumpers, dimmer switches, headlights, horns, rear view mirrors, fenders, tail lights, directional signals, heaters, defrosters, windshield wipers, speedometers, odometers, and cabs for drivers and passengers. The vehicles are self-propelled and the above components are those usually and ordinarily found on a truck, which is a vehicle designed to haul cargo.
The manufacturer welded onto the chassis a large winch which is referred to as "the draw works." Each vehicle has a derrick which was manufactured and placed on the vehicles by Cooper. The same engine propels the vehicle when it is being moved from place to place and also operates the draw works after the vehicle is placed on a job site. Other pieces of equipment were added to the chassis and provision is made to transport a number of items of portable equipment and supplies necessary to carry out the function for which the vehicles were designed, i.e., workover rigs.
In sum, Cooper manufactured a self-propelled truck and then mounted special equipment on it designed to work over oil wells. The special equipment carries out no function until it is in place beside an oil well that is to be serviced. The special equipment is the cargo which the chassis (truck) was designed to haul.
We therefore conclude that the portion of the vehicles in question used to haul the specialized equipment mounted thereon are trucks and should be taxed at three percent (3%). The mounted specialized equipment is tangible personal property and should be taxed at five percent (5%).
For the reasons stated, we reverse and reinstate the order of the Review Board and remand this cause to the chancery court to order a refund of the tax incorrectly assessed and collected by the Tax Commission.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] The parties agree that use taxes provided for under section 27-67-5 Mississippi Code Annotated (1972) are to be assessed at the same rate as sales taxes as fixed by section 27-65-17 Mississippi Code Annotated (1972).
[2] Section 27-65-17 was amended by Chap. 512 Miss.Gen.Laws (1978) effective July 1, 1978, but the amendment did not change the rate of sales tax to be collected on trucks.