# SECOND DEPARTMENT, FEBRUARY, 1983

## (February 7, 1983)

■ MARIA ALAGGIA et al., Respondents-Appellants, v NORTH SHORE UNIVERSITY HOSPITAL, Appellant-Respondent. — In a medical malpractice action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Queens County (Miller, J.), entered March 23, 1982, in favor of the plaintiff Maria Alaggia in the principal sum of $50,000 and the plaintiff Alfred Alaggia in the principal sum of $25,000, upon a jury verdict, and plaintiffs purportedly cross-appeal from so much of the same judgment as awarded damages, upon the ground of the inadequacy thereof. Cross appeal dismissed. The cross appeal was not perfected in accordance with the rules of this court (22 NYCRR 670.8; see Cooper v Bosse, 85 AD2d 616, 617). Judgment affirmed. Plaintiffs are awarded costs. This action was commenced, inter alia, to recover damages for injuries sustained by plaintiff Maria Alaggia, who was 83 years old at the time of the incident in question, while she was a patient in the intensive care unit of the defendant hospital. The complaint alleges that she fell from her hospital bed due to the negligence of defendant's employees in failing to raise the siderails of her bed. At the trial, her son testified that he had requested the nursing staff to leave the rails up, that the head nurse assured him that this would be done, that on the date of the incident in question he found his mother missing from her bed, and that a nurse informed him that his mother had fallen from her bed and apologized to him for leaving the siderails down. The patient's medical record reveals a history of mild senility and states that the patient "climbed" out of bed. The record reveals that the word "climbed" was substituted for the word "tumbled" which had been crossed out. Plaintiffs' expert witness testified that while she was unfamiliar with defendant's rules, it was standard hospital procedure to use siderails in the intensive care unit. The head nurse of the intensive care unit denied that the patient's family told her to keep the siderails up. She also testified that the siderails would be raised if ordered by a physician or if required in the nurse's judgment, and that they would normally be raised for an elderly patient suffering from mild senility. The jury found the hospital negligent and awarded plaintiff Maria Alaggia $50,000 on her claim for

personal injuries and $25,000 to her husband Alfred on his derivative claim. On appeal, the hospital asserts that, in the absence of an order by the patient's private physician, it may not be held liable for a failure to use siderails. While it is well established that hospitals have a duty to exercise reasonable care and diligence in safeguarding a patient (*Hendrickson v Hodkin,* 276 NY 252; *Horton v Niagara Falls Mem. Med. Center,* 51 AD2d 152; *Zophy v State of New York,* 27 AD2d 414), prior to 1957, charitable hospitals were immune from liability for negligence in the performance of medical acts, including the failure to use siderails (see, e.g., *Grace v Manhattan Eye, Ear & Throat Hosp.,* 301 NY 660; *Ranelli v Society of N. Y. Hosp.,* 295 NY 850; *Pivar v Manhattan Gen.,* 279 App Div 522). The 1957 case of *Bing v Thunig* (2 NY2d 656) abolished the doctrine of charitable immunity and applied the doctrine of *respondeat superior* both to medical and administrative acts. Therefore, a hospital may be held liable not only for the failure to follow a physician's order to use siderails, but also if its employees had notice that the patient's condition required their use (*Mossman v Albany Med. Center Hosp.,* 34 AD2d 263; *Guidetti v Columbus Hosp.,* 17 AD2d 609; 1 NY PJI [2d ed] 401; Ann., 9 ALR4th 149). While a hospital is protected from tort liability if it follows the orders of a physician when the matter is within his exclusive competence (see *Toth v Community Hosp. at Glen Cove,* 22 NY2d 255), here the use of siderails cannot be considered as resting within the physician's sole discretion, since the nurses were authorized to exercise their own independent judgment concerning the use of siderails in the absence of a physician's order. The jury could have reasonably concluded from the evidence adduced that the hospital employees negligently failed to raise the siderails of plaintiff Maria Alaggia's bed considering her age and condition and the family's requests to keep the siderails up. Additionally, expert testimony concerning the deviation from the general standard of hospital care constituted evidence of negligence (see *Horton v Niagara Falls Mem. Med. Center,* 51 AD2d 152, 155, *supra; Liebrecht v Gotham Sanitarium,* 284 App Div 781). Defendant's other arguments are without merit. Under the circumstances, there was no need for an expert witness to testify as to the cause of plaintiff Maria Alaggia's injuries (see *Morwin v Albany Hosp.,* 7 AD2d 582) and no objection was taken to the hearsay evidence relating to the nurse's concession of fault. Finally, we do not regard the verdict as excessive (see *Shumalski v Leone,* 63 AD2d 764). Lazer, J. P., Gibbons, O'Connor and Rubin, JJ., concur.