■ PHILOMENA W. CLEMENT, Respondent-Appellant, v PAUL E. CLEMENT, Defendant, and CAPE MAY PROPERTIES, Appellant-Respondent.—In an action pursuant to the Debtor and Creditor Law to set aside a confession of judgment as given in fraud of creditors, defendant Cape May Properties appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 15, 1985, as denied its motion for summary judgment dismissing the complaint as to it, *inter alia,* upon the ground that it had a defense founded upon documentary evidence, and plaintiff cross-appeals from so much of the same order as denied her cross motion for summary judgment.

Order affirmed, insofar as appealed from by defendant Cape May Properties, without costs or disbursements.

Cross appeal dismissed, without costs or disbursements, for failure to comply with 22 NYCRR 670.8 *(Cooper v Bosse,* 85 AD2d 616, 617; *Alaggia v North Shore Univ. Hosp.,* 92 AD2d 532).

Special Term correctly concluded that a number of factual issues exist with respect to the propriety of the disputed confession of judgment, thereby precluding the granting of summary judgment to defendant Cape May Properties. Had the cross appeal been properly perfected, we would similarly have held that plaintiff was not entitled to summary judgment. It is beyond dispute that summary judgment is a drastic remedy to be granted only when there are clearly no triable issues of fact presented *(Andre v Pomeroy,* 35 NY2d 361). Moreover, it has been consistently held that to obtain summary judgment it is necessary that the movant establish his cause of action or defense sufficiently to warrant the court to

direct judgment in his favor as a matter of law (CPLR 3212 [b]; *Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552). The parties' motion papers reveal unresolved questions of fact with respect to *inter alia,* the significance to be attached to certain events surrounding defendant Paul Clement's execution of the confession of judgment, Paul Clement's solvency or lack thereof at the time the confession of judgment was executed, and the precise extent to which Paul Clement was indebted to Cape May Properties by virtue of his alleged conversion of partnership funds.

Further, a question of fact exists with respect to whether plaintiff acquiesced in the use of certain marital assets to satisfy the judgment. The record discloses that plaintiff and defendant Paul Clement entered into a stipulation in a matrimonial action between them, providing for the disposition of their assets, which specifically referred to the instant judgment and authorized its satisfaction out of Paul Clement's share of the funds received upon the sale of the marital premises.

Finally, that branch of the motion by Cape May Properties which was for summary judgment dismissing the complaint as to it upon the ground that a defense was founded upon documentary evidence (CPLR 3212, 3211 [a] [1]) was properly denied. The only documentary evidence directly probative of defendant Clement's alleged indebtedness to Cape May Properties is his own conclusory affidavit, apparently prepared for him by Cape May, in whose favor the confession of judgment was executed. Under the circumstances the question whether the figure recited in the confession of judgment was bona fide cannot be determined on the documentary evidence submitted in support of the motion of defendant Cape May Properties. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.