523 So.2d 1031 (1988)
Doris BELL and Ersel Bell, Appellant,
v.
WEST HARRISON COUNTY DISTRICT, d/b/a Memorial Hospital at Gulfport, Appellee.
No. 57625.
Supreme Court of Mississippi.
April 27, 1988.
*1032 John G. McDonnell, Valerie D. Hiller, Brown & McDonnell, Biloxi, for appellant.
Sally G. Gray, Franke, Rainey & Salloum, Gulfport, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the court:
The Court is called on this day to decide whether the two-year "medical malpractice" statute of limitations set out at Miss. Code Ann. § 15-1-36 (Supp. 1987) applies to a situation where a nurse failed to raise the rails of a bed for a patient under heavy sedation, resulting in the patient falling out of the bed and being injured. The Circuit Court of Harrison County determined that § 15-1-36 was applicable and dismissed appellant's complaint on the basis that it was time barred. The Bells appeal this adverse decision. We affirm.

FACTS
Doris Bell was admitted to Memorial Hospital at Gulfport on August 24, 1982 for diagnostic tests. On September 2, 1982 Bell underwent surgery to remove hemorrhoids. Following the surgery, she remained in Memorial Hospital, as per her doctor's orders, so that she might properly recover. On the night of September 5, 1982, at approximately 9:00 p.m., Bell was given medication by the attending nurse. Although the record does not contain information concerning what type of medication was administered, it can be presumed, due to the "sensitive" nature of appellant's treatment, that such was some form of sedative/pain-killer. Commensurate with this medication, Bell's physician ordered that the attending nurse observe appellant hourly, and that she be assisted whenever out of her bed. Appellant was checked on by her nurse at midnight, however at no time were the rails on Bell's bed raised. This, as will be seen, is the critical fact in the present case. At 1:20 a.m. appellant was found on the floor of her room. She was subsequently diagnosed as having a fractured right hip, for which she underwent surgery involving the permanent placement in her body of certain fixation devices.
Nearly two and one-half years later, on February 21, 1985, appellants filed their complaint against Memorial Hospital, alleging that Memorial Hospital, through its agent, had acted negligently in failing to raise the rails on Bell's bed, and that such was the cause of injury. Subsequently, appellee made a motion to dismiss the Bells' action on the basis that the two-year "medical malpractice" statute of limitations, pursuant to § 15-1-36 had run. The trial judge, Honorable J. Ruble Griffin, granted appellee's motion and dismissed the Bells' complaint. On appeal the Bells raise one assignment of error, divided into three subsections. However, this case in reality has but one issue.

DID THE TRIAL COURT ERR IN FINDING MISS. CODE ANN. § 15-1-36 TO BE THE APPLICABLE STATUTE OF LIMITATIONS?
Miss. Code Ann. § 15-1-36 (Supp. 1987) provides in pertinent part the following:
Limitations applicable to malpractice action arising from medical, surgical or other professional services.
(1) No claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered. (emphasis added)
As can clearly be seen, the Legislature intended that both nurses and hospitals should enjoy the benefit of a two-year statute of limitations where a tortious injury has arisen out of the rendering of "medical, surgical or other professional services." Appellants contend that a nurse's failure to raise the bed rails of a sedated patient does not amount to medical or professional services, but instead is some type of "ordinary *1033 negligence", and as such the general six-year statute of limitations under Miss. Code Ann. § 15-1-49 (1972) should apply.
A nurse's decision as to whether or not bed rails should be utilized entails a degree of knowledge concerning the subject patient's condition, medication, history, etc. The rails themselves are but another instrumentality by which the safety of patients may be insured. This plainly calls for the rendition of a medical or professional service, even under the most basic rationale. The failure to raise Mrs. Bell's bed rails may have been a negligent omission on the part of the nurse, but if it were, it was negligence inherently connected with the providing of a professional medical service so as to fall within the purview of § 15-1-36. Appellee cites two decisions from New York courts that substantiate this proposition. In Mossman v. Albany Center Hospital, 34 A.D.2d 263, 311 N.Y.S.2d 131 (1970) it was noted that the decision of whether or not to use bed rails is medical in nature, requiring professional skill, and any negligence in this context would amount to malpractice. Id., 311 N.Y.S.2d at 132-133. A nurse's decision to utilize side rails is one necessitating the exercise of independent judgment. Alaggia v. North Shore University Hospital, 92 A.D.2d 532, 459 N.Y.S.2d 96, 98 (App. Div. 1983). In light of this sound reasoning, appellants'"ordinary negligence" argument is without merit.
One additional point needs to be addressed concerning the construction of § 15-1-36. This Court has repeatedly stated that words used in a statute should be given their ordinary and popular meaning in an attempt to glean legislative intent from the statute. See Allgood v. Bradford, 473 So.2d 402 (Miss. 1985); Roberts v. Mississippi Republican Party State Executive Committee, 465 So.2d 1050 (Miss. 1985); Lambert v. Ogden, 423 So.2d 1319 (Miss. 1985). It is obvious that the Legislature, by specifically setting out "hospitals" and "nurses" in § 15-1-36 intended that they should enjoy the benefit of the two-year statute of limitations when medical or professional services are involved in an alleged negligent act. As seen above, a nurse's failure to raise the rails of a bed, in deference to the law as well as common sense, involves a professional medical service. The lower court was correct in dismissing appellants' suit on the basis that it was time barred by § 15-1-36.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.