KING, Justice,
dissenting:
II26. Because Crosthwait claims injury resulting from ordinary negligence rather than medical negligence, I dissent from the majority opinion, and would remand the case for trial.
¶ 27. According to Crosthwait, water had puddled on the bathroom floor during her shower because the shower curtain was not closed. Crosthwait’s complaint alleged that the following were the proximate causes of her fall and injuries:
(a) Failure to properly assist [Crosth-wait] in taking a shower, including failure to provide an appropriate shower stool and failure to prevent excessive water from accumulating on the floor outside the shower;
(b) Failure to assist [Crosthwait] in getting out of the shower;
*1077 (c) Failure to assist [Crosthwait] as she stepped on the floor while exiting the shower;
(d) Failure to provide [Crosthwait] with proper footwear before she stepped on the wet floor when exiting the shower;
(e) Failure to wipe up the wet floor before [Crosthwait] exited the shower; [and]
(f) Failure to do other reasonable acts necessary to prevent [Crosthwait’s] fall.
DISCUSSION
¶ 28. Crosthwait argues that Morgan was negligent in her selection of the shower stool, which, when used, prevented the shower curtain from being closed, thus allowing water to pool on the floor, and her failure to dry the floor before Crosthwait tried to walk across it. These claims, despite the hospital setting, are based on principles of ordinary negligence rather than medical malpractice.
¶ 29. The determinative issue is whether Morgan’s actions arose out of the course of medical, surgical, or other professional services. If so, the claim is for medical malpractice, and not ordinary negligence. Miss.Code Ann. § 15-1-36(2) (Rev.2003). This Court previously has addressed this issue and held that a nurse’s decision, based on professional knowledge of a patient’s condition, medication, or history, is consistent with the statutory language of arising out of medical, surgical, or other professional services. See Bell v. W. Harrison County Dist., 523 So.2d 1031, 1032 (Miss.1988).
¶ 30. The Court of Appeals relied on Bell in affirming the lower court’s decision to grant summary judgment. In Bell, the patient alleged her fall from her hospital bed arose out of a failed assessment of her medical condition. Bell, 523 So.2d at 1032-33. The plaintiff claimed the nurse was negligent in failing to use bed rails, because a reasonable nurse would have known the sedative effect of the drugs she administered to the plaintiff. Id. at 1032. And a reasonable nurse would have used bed rails to prevent the sedated plaintiff from falling. Id. This Court determined that “[a] nurse’s decision as to whether or not bed rails should be utilized entails a degree of knowledge concerning the subject patient’s condition, medication, history, etc.” Id. at 1033 (emphasis added). Because the plaintiff was alleging a want of professional judgment, her claim fell within the statutory definition of professional malpractice, requiring an expert to testify about what a reasonable nurse should have known about the plaintiffs condition. Id. at 1032-33.
¶31. In contrast to Bell, Crosthwait does not claim that her injury resulted from her medical condition or from the care she received as a result of her medical condition. Nor does Crosthwait argue or suggest that Morgan’s decisions regarding the shower incident were in any way related to her medical condition, or that the decision required the exercise of specialized knowledge or training. Rather, Crosthwait alleges that Morgan was negligent in allowing a bathroom floor to pool with water and in failing to attempt to provide her safe passage out of the bathroom. Crosthwait claims that a reasonable person, knowing the floor was wet and Crosthwait was barefoot, would have provided her physical assistance or dried the floor.
¶ 32. I agree with Judge Maxwell’s recognition that “drying a wet floor or ensuring hospital patients traverse safely through a known, dangerous condition does not fall within the scope of either a hospital’s licensed activities or Morgan’s professional services.” Crosthwait v. Southern Health Corp. of Houston, Inc., 94 So.3d 1126, 1134 (¶ 31) (Miss.Ct.App. 2011) (Maxwell, J., dissenting). Instead, it *1078 falls within the standard of reasonable care incumbent on businesses, including hospitals. See Pigg v. Express Hotel Partners, LLC, 991 So.2d 1197, 1199-1200 (¶ 5) (Miss.2008) (stating the duty owed by a business is to use reasonable and ordinary care to keep its premises reasonably safe for use by its customers and to warn them of any existing dangerous condition not readily apparent that is known to the business, or should have been known to it in the exercise of reasonable care); Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 476 (Miss.1967) (holding the owner of a business is not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer). The majority appears to hold that, since Crosthwait, a hospital patient, fell due to the pooling of water on the floor caused by the actions of a nurse, this is a medical negligence claim. Had this pooling of water on the floor been allowed to occur by a hospital custodian, there would be no doubt that the claim was one for ordinary negligence rather than medical negligence. Beyond discussion, the issue would be whether or not the hospital exercised reasonable care to maintain the premises in a reasonably safe condition. Given the facts of this case, it is of no greater moment that the person allowing the water to pool on the floor was a nurse as opposed to a hospital custodian. The issue is still whether, by allowing the water to pool on the floor, Morgan exercised reasonable care to maintain the premises in a reasonably safe condition, and whether that failure to do so, if any, was the proximate cause of Crosthwait’s injuries. Because the allegations of negligence by Crosthwait arise from nonmedical care, no expert medical opinion was required as to the standard of care.
¶ 33. Thus, I would find Crosthwait’s claims to be based in ordinary negligence rather than medical negligence. Accordingly, I would reverse the grant of summary judgment and remand this case for a trial to determine whether the defendants breached the duty of ordinary care and, if so, whether such breach was the proximate cause of Crosthwait’s injuries.
KITCHENS and CHANDLER, JJ., JOIN THIS OPINION.