# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-00160-SCT

*SPENCER WOLFE*

*v.*

*DELTA DISCOUNT DRUGS, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/17/2018 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| TRIAL COURT ATTORNEYS: | DEREK D. HOPSON, JR. |
| | WILTON V. BYARS, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DEREK D. HOPSON, SR. |
| | DEREK D. HOPSON, JR. |
| ATTORNEYS FOR APPELLEE: | WILTON V. BYARS, III |
| | CAROLINE C. JOHNSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 03/05/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. The dispositive issue in this case requires us to determine whether a claim asserted against a pharmacy for allegedly mis-filling a prescription is subject to the two-year professional-malpractice statute of limitations in Mississippi Code Section 15-1-36 or the three-year catch-all statute of limitations in Mississippi Code Section 15-1-49. The Circuit Court of Coahoma County ruled that Section 15-1-36 applied to Spencer Wolfe's claims against Delta Discount Drugs and granted Delta's motion to dismiss with prejudice because

Wolfe's claims were filed beyond the two-year statute of limitations found in Section 15-1-36. Aggrieved, Wolfe has timely appealed to this Court. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Because this is an appeal from a dismissal under Mississippi Rule of Civil Procedure 12(b)(6), we draw the facts from Wolfe's complaint and accept them as true. *Rex Distrib. Co., Inc. v. Anheuser-Busch, LLC*, 271 So. 3d 445, 447 (Miss. 2019).

¶3. In May, 2015, Wolfe was being treated for high blood pressure and was prescribed two milligrams of hydralazine two times a day. Some time between May 20, 2015, and May 27, 2015, Wolfe had this prescription filled at Delta Discount Drugs. Delta, however, allegedly mis-filled Wolfe's prescription with twenty-five milligram tablets of hydroxyzine, rather than the prescribed two milligram tablets of hydralazine. Less than a month later, on June 19, 2015, Wolfe was hospitalized after he had blacked out while driving.

¶4. Upon being admitted to Northwest Mississippi Regional Medical Center, Wolfe was placed under the care of Dr. Andrea Smith. Dr. Smith's admission notes indicate that Wolfe had been prescribed hydralazine for high blood pressure but that he had received hydroxyzine—an anxiety and depression medication. Furthermore, the doctors explained to Wolfe that his medical complications were caused by the incorrect medication.

¶5. On November 4, 2016, Wolfe sent Delta a notice-of-claim letter. This notice-of-claim letter indicated that Wolfe intended to sue Delta for "pharmaceutical negligence and resultant damages."

¶6. More than two years and ten months later, on May, 1, 2018, Wolfe filed suit against

Delta in the Circuit Court of Coahoma County. Wolfe couched his complaint in terms of "plain and simple negligence." Wolfe, however, attached two exhibits to his complaint: the November 4, 2016 notice-of-claim letter and Wolfe's "certificate of consultation required in medical malpractice actions." Wolfe asserted claims of negligence per se, general negligence, negligent misrepresentation, negligent infliction of emotional distress and gross negligence against Delta for allegedly mis-filling Wolfe's prescription.

¶7. On June 8, 2018, Delta filed a motion to dismiss with prejudice, averring that Wolfe's suit was time barred under the applicable two-year limitations period in Section 15-1-36. Delta contended that two years had passed since the alleged negligent act because Wolfe's claim would have accrued no later than June 19, 2015—when Dr. Smith discovered and explained to Wolfe that he was prescribed hydralazine but had received hydroxyzine.

¶8. A hearing was held and, on November 28, 2018, the circuit court granted Delta's motion to dismiss after determining that the two-year statute of limitations for medical-malpractice actions applied to Wolfe's claims. The trial court reasoned that "the heart of Mr. Wolfe's complaint goes to those services performed by the pharmacist, who is the professional."

¶9. Wolfe has timely appealed to this Court. On appeal, Wolfe presents three arguments: (1) that the trial court exceeded its judicial authority by expanding the coverage of Section 15-1-36 to include a pharmacy; (2) that the act Wolfe complains of constitutes general negligence subject to the three-year statute of limitations found in Section 15-1-49; and (3) that Wolfe's complaint alleges negligent acts of Delta, independent of any action against the

3

pharmacist.[1] We consider one issue: Did the circuit court err by finding Section 15-1-36 to be the applicable statute of limitations?

## STANDARD OF REVIEW

¶10.    The application of a statute of limitations raises a question of law, which is reviewed de novo.  ***Hammons v. Navarre***, 252 So. 3d 9, 13 (Miss. 2018).  Likewise, "[a] motion to dismiss for failure to state a claim under Rule 12(b)(6) raises an issue of law which we review *de novo*."  ***City of Vicksburg v. Williams***, 191 So. 3d 1242, 1244 (Miss. 2016) (citing ***Poindexter v. S. United Fire Ins. Co.***, 838 So. 2d 964, 966 (Miss. 2003)).  "The Court must accept the allegations in the complaint as true and consider only whether any set of facts could support [Wolfe's] action."  ***Id.*** (emphasis omitted) (citing ***Children's Med. Grp., P.A. v. Phillips***, 940 So. 2d 931, 934 (Miss. 2006)).

## ANALYSIS

### I.    Section 15-1-36

¶11.    Mississippi Code Section 15-1-36 provides in relevant part that

> no claim in tort may be brought against a licensed . . . pharmacist . . . for injuries . . . arising out of the course of medical, surgical or other professional services unless it is filed within (2) two years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.

Miss. Code Ann. § 15-1-36(2) (Rev. 2019).

¶12.    Wolfe concedes on appeal that medical-malpractice claims asserted against a

---

[1] Under Wolfe's third argument, he contends that Delta "should maintain Prospective Drug Use Review."  Wolfe, however, acknowledges in his complaint and we explain below that the licensed pharmacist is responsible for implementing and carrying out the Prospective Drug Use Review contemplated by the State Board of Pharmacy Regulations.

4

pharmacist must be brought within two years. Additionally, Wolfe conceded at the hearing in circuit court that the supervising pharmacist is ultimately responsible for dispensing the correct medication. But because Wolfe has filed his action against the pharmacy rather than the pharmacist, he argues that the three-year statute of limitations found in Mississippi Code Section 15-1-49(1) (Rev. 2019) applies to his claims. The circuit court found that Wolfe's claims were all predicated on the alleged acts or omissions of a pharmacist and were, therefore, subject to the two-year medical-malpractice statute of limitations.

¶13.    This Court has explained that Section 15-1-36 "applies to 'injuries or wrongful death arising out of the course of medical, surgical or other professional services[.]" ***Crosthwait v. S. Health Corp. of Houston, Inc.***, 94 So. 3d 1070, 1074 (Miss. 2012) (quoting Miss. Code Ann. § 15-1-36(1) (Rev. 2003)). "[T]his Court [has] recognized that 'medical or professional services' . . . include all aspects of medical evaluation, treatment, and care that involve the application of special skill or knowledge." ***Id.*** (quoting ***Bell v. W. Harrison Cty. Dist.***, 523 So. 2d 1031, 1033 (Miss. 1988)).

¶14.    In construing Section 15-1-36, this Court previously noted that "words used in a statute should be given their ordinary and popular meaning in an attempt to glean legislative intent from the statute." ***Bell***, 523 So. 2d at 1033 (citing ***Allgood v. Bradford***, 473 So. 2d 402 (Miss. 1985); ***Roberts v. Miss. Republican Party State Exec. Comm.***, 465 So. 2d 1050 (Miss. 1985); ***Lambert v. Ogden***, 423 So. 2d 1319 (Miss. 1985)). Because pharmacists are explicitly included in Section 15-1-36, it is clear that the Legislature intended for tortious injuries arising out of the course of professional services provided by a licensed pharmacist

be subject to a two-year statute of limitations.

¶15.    For the reasons discussed below, we find that Wolfe's injuries arise out of the course of professional services that may be performed only by or through a licensed pharmacist. Therefore, the circuit court properly determined that Wolfe's claims were untimely, having been filed beyond the two-year period found in Section 15-1-36.

¶16.    At the outset, we note Wolfe's prior characterization of the claims that he has asserted against Delta. Specifically, Wolfe's notice-of-claim letter explained that he had "no choice but to make a claim for pharmaceutical negligence." Additionally, Wolfe attached a certificate of consultation to his complaint that explicitly acknowledged that such certificate is "required in medical malpractice actions." Now, Wolfe argues that the shorter medical-malpractice statute of limitations should not apply because he has filed suit against the pharmacy instead of the pharmacist and has couched his complaint in terms of "plain and simple negligence."

¶17.    This Court, however, has repeatedly prohibited the misbranding of a claim in order to escape a shorter statute of limitations. *Estate of Puckett v. Clement*, 238 So. 3d 1139, 1146 (Miss. 2018); *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 80 (Miss. 2017); *Howard v. Wilson*, 62 So. 3d 955, 956 (Miss. 2011). This Court has explained that "there can be no escape from the bar of statute of limitations . . . by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute." *Estate of Puckett*, 238 So. 3d at 1146 (internal quotation marks omitted) (quoting *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1215 (Miss. 1990)). Despite Wolfe's

6

current characterization of his claims against Delta, the principle undergirding these prior decisions applies with equal force here.

### A.     Prescription medication may be dispensed through only a licensed pharmacist.

¶18.   Mississippi law defines the practice of pharmacy in part as "interpreting and evaluating prescriptions; . . . dispensing and labeling of drugs . . . ; . . . selecting drugs; . . . [and] supervising supportive personnel and such other acts, services, operations or transactions necessary or incidental to the conduct of the foregoing." Miss. Code Ann. § 73-21-73(bb) (Rev. 2017).[2]   Furthermore, Mississippi law requires that "[a] license for the practice of pharmacy shall be obtained by all persons prior to their engaging in the practice of pharmacy."  Miss. Code Ann. § 73-21-83(2) (Rev. 2017).  It is a criminal offense to engage in the practice of pharmacy without first obtaining a license.  Miss. Code Ann. § 97-23-43 (Rev. 2014).

¶19.   Moreover, pharmacists are responsible for all activities of a pharmacy technician.  The Mississippi Board of Pharmacy regulations provide that "where the services of pharmacy technicians are utilized in the preparation of a drug for delivery to a patient, *a pharmacist shall be present and personally supervise the pharmacy technician and shall be responsible for the correct preparation and delivery of the drug to the patient*."  30 Miss. Admin. Code Pt. 3001, Art. VIII(1)(D) (amended Jan. 14, 2017) (emphasis added), Westlaw.  The Pharmacy regulations also require that a pharmacist utilize a "Prospective Drug Use

---

[2] Per the 2019 supplement, this provision is under subsection (dd).  *See* Miss. Code Ann. § 73-21-73(dd) (Supp. 2019).

7

Review[.]" 30 Miss. Admin. Code Pt. 3001, Art. VIII(3) (2014). Specifically, this program requires that "[b]efore a prescription is dispensed, delivered, or distributed, *a pharmacist shall review* the patient record and each Prescription Drug Order presented for dispensing . . . ." 30 Miss. Admin. Code Pt. 3001, Art. VIII(3) (2014) (emphasis added). Additionally, the Prospective Drug Use Review program requires that "*the pharmacist shall* take appropriate steps to avoid or resolve" any problem discovered during the prospective drug-use review. 30 Miss. Admin. Code Pt. 3001, Art. VIII(3) (2014) (emphasis added).

¶20. We also note that only a licensed pharmacist may obtain a pharmacy permit, which is required before a facility can provide pharmacy services. The State Board of Pharmacy regulations require that "[e]very business or location . . . where . . . pharmacy services are provided shall obtain a permit from the Mississippi Board of Pharmacy." 30 Miss. Admin. Code Pt. 3001, Art. VI(1) (amended July 29, 2018), Westlaw. A pharmacy permit "shall not be issued or renewed on the application of any person unless such person be a *pharmacist* licensed in this state." 30 Miss. Admin. Code Pt. 3001, Art. VI(7)(2018) (emphasis added).

¶21. The crux of Wolfe's claims is that Delta, through one of its employees, failed to properly fill Wolfe's prescription. Because the alleged act that Wolfe complains of necessarily occurred during the course of professional services provided by a licenced pharmacist, we find that Wolfe's claims are subject to the two-year statute of limitations governing medical-malpractice actions. Said differently, Wolfe's alleged injury arises out of the course of professional services specifically contemplated by Section 15-1-36—a licensed pharmacist engaged in the practice of pharmacy. Therefore, the statute of

8

limitations for medical-malpractice claims applies and bars Wolfe's suit.

## II. *Respondeat Superior*

¶22. Wolfe alleged in his complaint and continues to argue on appeal that Delta, as the owner of the pharmacy and employer of the alleged tortfeasor, is responsible for the alleged negligence of its employees. Under the doctrine of *respondeat superior*, Wolfe contends that Delta is liable for the alleged negligence of its employees. Wolfe further asserts that the "[g]eneral 3-year statute of limitations applies regardless of the tortfeasor." But according to this Court's holding in *Lowery v. Statewide Healthcare Service, Inc.*, 585 So. 2d 778, 780 (Miss. 1991), any claim that Wolfe asserts against Delta that is predicated upon the doctrine of *respondeat superior* would also be subject to the two-year medical-malpractice statute of limitations.

¶23. This Court held in *Lowery* that "a statute that bars a claim against an agent equally protects those in whose behalf he acted as agent . . . ." *Lowery*, 585 So. 2d at 780 (quoting 3 Am. Jur. 2d *Agency* § 348 (1962)). In *Lowery*, parents of a deceased child brought a medical-malpractice action against, inter alia, a nurse and the nurse's private employer—Statewide. *Id.* at 778–79. The nurse and Statewide were first made party defendants over five years after the cause of action accrued. *Id.* at 779–80. The parents' claim against Statewide was based on the doctrine of *respondeat superior*. *Id.* Both the nurse and Statewide successfully moved to dismiss the suit on the ground that the two-year medical-malpractice limitations period had run. *Id.* at 779. On appeal to this Court, the parents argued that "Statewide is not specifically named in [Section 15-1-36,] therefore it

9

does not apply to them." *Id.* This Court disagreed and held that Section "15-1-36 bars both the right of action of the plaintiffs[] against [the nurse] and Statewide and also bars any remedy against both parties." *Id.* at 780. Therefore, applying *Lowery*, Wolfe's claims against Delta based upon the doctrine of *respondeat superior* are also subject to the two-year medical-malpractice statute of limitations.

## CONCLUSION

¶24. Although Wolfe sued the pharmacy instead of the pharmacist and couched his claims in "plain and simple negligence," his claims factually sound in professional malpractice and arise out of professional services that only a licensed pharmacist may provide. Thus, Wolfe's claims are subject to the two-year statute of limitations under Mississippi Code Section 15-1-36. As a result, Wolfe's claims are time barred under Section 15-1-36. Accordingly, we affirm the trial court's dismissal of Wolfe's claims with prejudice.

¶25. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**