■ HARRY SHANON, an Incompetent, by SEYMOUR KAGAN, as His Committee, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 44787.) — GABRIELLI, J. Appeal from a judgment of the Court of Claims dismissing claimant-appellant's claim for damages for injuries sustained while a patient at Creedmoor State Hospital on the ground that he had not established a prima facie case showing that any act by the State caused his injuries. There is no serious dispute as to the facts. Claimant had been a patient in the hospital for over eight months and on the morning of June 27, 1963 an attendant found him lying on the floor, with a fracture of the left leg. There was no direct proof as to how the accident occurred although claimant had told an attendant that he had fallen out of bed. It further appears that during his stay in the hospital he had never fallen from the bed. Claimant attempts to rely on the doctrine of *res ipsa loquitur*, contending that there should have been side rails on the bed to prevent him from falling. We agree with the trial court that this doctrine is not applicable in the instant case. As we stated in *Barry* v. *State of New York*, 27 A D 2d 593, " To invoke the doctrine of *res ipsa loquitur* it would have to have been established that the instrumentality which caused the injury was in the State's exclusive control and that common experience would show that the accident would not have happened unless there was negligence in the operation and control of the agency (*George Foltis, Inc.* v. *City of New York*, 287 N. Y. 108, 117; *George* v. *City of New York*, 22 A D 2d 70, affd. 17 N Y 2d 561)." There was no proof to show that the claimant was in such a condition as to warrant either special attention or side rails on his bed and in such circumstances, the claim must fail. (*Kowalski* v. *State of New York*, 7 A D 2d 762; *Guidetti* v. *Columbus Hosp.*, 17 A D 2d 609.) Here, negligence is not the only inference that can be drawn from the facts for it is equally probable that the claimant slipped or fell on his own without any fault on the part of the State. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Gabrielli, J.