■ SOL HABER et al., Respondents, v. CROSS COUNTY HOSPITAL, Appellant. — In a negligence action to recover damages for personal injuries sustained by plaintiff Rae Haber and for medical expenses, etc., of her coplaintiff husband, defendant appeals from a judgment of the Supreme Court, Westchester County, entered November 28, 1973, in favor of plaintiffs, upon a jury verdict. Judgment reversed, on the law, with costs, and complaint dismissed. Were we to credit the testimony that plaintiff Mrs. Haber fell out of a hospital bed, there would nevertheless be no basis for the imposition of liability upon defendant hospital (*Guidetti* v. *Columbus Hosp.*, 17 A D 2d 609; *Schachter* v. *Doctors Hosp.*, 34 A D 2d 760; *Mossman* v. *Albany Med. Center Hosp.*, 34 A D 2d 263). Martuscello, Cohalan, Brennan and Munder, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm, with the following memorandum: The testimony of the nurse established that she had installed side rails on the plaintiff wife's bed because of the rule of the hospital that, if a patient is over 50 years old, the nurses shall erect side rails to protect the patient. Since that rule exists, it provided the measure of care which the hospital and its employees were due to observe (*Danbois* v. *New York Cent. R. R. Co.*, 12 N Y 2d 234; *Judd* v. *Park Ave. Hosp.*, 37 Misc 2d 614, affd. 18 A D 2d 766). Accordingly, the breach of the rule was itself sufficient evidence of a failure of due care upon which the jury could base its verdict in favor of plaintiffs.

■ In the Matter of ALONZO C. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Kings County, dated February 25, 1974, which, after a fact-finding hearing, placed appellant on probation. Order reversed, on the law, without costs, and petition dismissed. Appellant's guilt was not proved beyond a reasonable doubt. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.