*889 Memorandum. The general rule that a hospital is not liable in negligence for the failure to erect bed rails, absent professional medical direction (Grace v Manhattan Eye, Ear & Throat Hosp., 301 NY 660; Mossman v Albany Med. Center Hosp., 34 AD2d 263), does not apply where the hospital establishes a rule that bed rails were to be set up in all cases where the patient is over 50 years of age. This common-sense precaution adopted by the hospital in recognition of the frailities of older patients did not require medical direction. Only administrative action was needed to implement the rule.
Administrative work is part of the service that a hospital provides and for which the hospital is responsible. (See Sutherland v New York Polyclinic Med. School & Hosp., 273 App Div 29, 30-31, affd 298 NY 682, mot for rearg den 298 NY 794.) Moreover, the hospital’s failure to abide by its own rule is some evidence of negligence. (Danbois v New York Cent. R. R. Co., 12 NY2d 234, 239.)
Since there was a basis for the imposition of liability upon the hospital, the order of the Appellate Division should be reversed and the case remitted to that court for a review of the facts. (CPLR 5613.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein, with costs to abide the event.