■ SOL HABER et al., Respondents, v CROSS COUNTY HOSPITAL, Appellant.—In a negligence action to recover damages for personal injuries sustained by plaintiff Rae Haber and for medical expenses, etc., of her coplaintiff husband, defendant appealed from a judgment of the Supreme Court, Westchester County, entered November 28, 1973, in favor of plaintiffs, upon a jury verdict. This court reversed the judgment, on the law, and dismissed the complaint, but the Court of Appeals reversed that determination and remitted the case to this court for a review of the facts (*Haber v Cross County Hosp.,* 45 AD2d 874, revd 37 NY2d 888). Judgment affirmed,

with costs. The issues of liability and damages were questions of fact properly before the jury and were decided in favor of plaintiffs. We see no reason to disturb the jury's verdict. Hopkins, Acting P. J., Martuscello and Brennan, JJ., concur; Cohalan and Munder, JJ., dissent and vote to reverse and grant a new trial, with the following memorandum: Plaintiff Mrs. Haber's testimony that she fell out of bed because the bed rails had been lowered is against the weight of the credible evidence. There is no proof that the rails had been lowered. Mrs. Haber conceded that her recollection of the occurrence may have been hazy (due to sedation) and she "assumed that she had fallen from her bed." Her testimony was controverted by two witnesses to the accident, a licensed practical nurse and a nurse's aide, whose testimony was that Mrs. Haber fell when she left the bathroom. Mr. Haber's testimony that, when he inquired at the nurse's desk about what had happened, he was told that Mrs. Haber had fallen out of bed does not overcome the preponderance of the evidence against plaintiffs' version of the fall.