■ ROBERT GRANT, Respondent, v METROPOLITAN TRANSPORTATION AU-THORITY et al., Appellants.—Judgment, Supreme Court, New York County, entered January 26, 1978, in favor of the plaintiff for $1,750,000 plus costs and disbursements, in a negligence action, unanimously reversed, on the law, vacated and the case is remanded for a new trial, with $75 costs and disbursements of this appeal to abide the event. On June 8, 1973, at the Patchogue station of the Long Island Railroad, the plaintiff suffered severe permanent injuries when he fell beneath the wheels of a moving train. Plaintiff testified in substance that he purchased a ticket for a train scheduled to leave some time later that day. He then went to a local bar where he drank large quantities of beer and returned to the station in an intoxicated condition. Plaintiff claims that he then boarded the train and was ejected notwithstanding the fact that he had a ticket. He further testified that when he attempted to reboard the train, he was kicked in the chest by someone "wearing a uniform," causing him to fall to the ground, that he became "woozy," and that he fell between the wheels of the train as it started to move. Defense witnesses testified that plaintiff was removed from the train because he did not have a ticket, money or identification, that after the train began to move the plaintiff attempted to board it, and that it was as a result of this effort to board a moving train that he fell between it and the platform. It was further testified that defendant did not appear to be intoxicated. It is not disputed on this appeal that the evidence was legally sufficient to support a verdict for the plaintiff in some amount. At issue is the correctness of various trial rulings as well as parts of the trial court's charge to the jury. We have concluded errors occurred suffi-ciently substantial to require a new trial. We think it was error to admit into evidence Item No. 38 of the defendant's manual of instructions to passenger trainmen describing the appropriate response when confronted with a refusal to pay fare, and to charge that violation of the instruction may be considered evidence of negligence. (*Danbois v New York Cent. R. R. Co.* (12 NY2d 234), relied upon by the trial court, held that a violation of a railroad rule may be admissible as some evidence of negligence when the rule sets forth a standard of care. The rule in question here cannot be said to express such a standard of care. It was also error to exclude the testimony of the owner of the bar in which the plaintiff alleged that he became intoxicated on the ground that her name had not been furnished pursuant to a demand for witnesses served by plaintiff's attorney. The record is persuasive that at the time the list of witnesses was submitted the defendant did not know the name of the bar in which the drinking allegedly occurred and could not reasonably have been expected to know the name of the witness. Moreover, in a case presenting legal issues of some subtlety, the charge as a whole failed to relate the general principles of law articulated

with adequate specificity to the facts presented and to the contentions of the parties. (Green v Downs, 27 NY2d 205.) In particular, the court's use of the phrase "additional care" to describe the defendant's duty to an intoxicated person which would have been appropriate if adequately explained, here had the capacity to mislead with regard to the defendant's duty of care. Similarly, the charge with regard to contributory negligence was erroneous in part and insufficiently complete. On the other hand, we do not subscribe to defendant's central contention that its duty of care to the plaintiff depended on whether or not the plaintiff had purchased or intended to buy a ticket and was classified as a passenger. We appreciate that in the decision presenting the most complete analysis of the rules applicable to a situation of the kind presented, such a distinction was suggested. (See Fagan v Atlantic Coast Line R. R. Co., 220 NY 301.) However, the more recent decision of the Court of Appeals in Basso v Miller (40 NY2d 233), seems to us to render doubtful the continuing authority of that aspect of the Fagan decision. In Basso v Miller (supra), concerned with the duty of the owner of land to one who comes upon his property, the Court of Appeals reconsidered the traditional and long-established rules of law that gave determinative significance to whether the plaintiff was classified as an invitee, licensee or trespasser. It concluded that such distinctions were no longer appropriate and announced (p 241) its "adherence to the single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability." The court further noted (p 241) that while status is no longer determinative "considerations of who plaintiff is and what his purpose is upon the land are factors which, if known, may be included in arriving at what would be reasonable care under the circumstances." We believe that this basic approach may appropriately be applied in evaluating the defendant's duty of care to this plaintiff under the circumstances. For the reasons indicated earlier, the judgment is reversed and the case is remanded for a new trial. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.