■ RHODA SCHNEIDER, as Administratrix of the Estate of BERTHA ROSENTHAL, Deceased, et al., Appellants, v KINGS HIGHWAY HOSPITAL CENTER, INC., Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County (Bellard, J.), entered April 4, 1984, which dismissed the complaint, after granting defendant's motion to dismiss for failure to establish a prima facie case.

Judgment affirmed, with costs.

In the early morning hours of March 28, 1981, Bertha Rosenthal was found on the floor next to her hospital bed. Although a hospital regulation provided that the bed rails be in an upright position at all times for all patients over the age of 70, Mrs. Rosenthal's bed rail was down. There were no witnesses to the accident, and Mrs. Rosenthal subsequently had no recollection of the event.

The hospital administrator testified that in order to lower the bed rails a knob must be pushed in and the rails lifted slightly. The nurse on duty testified that she had made hourly rounds on the morning in question and that the guardrails were in an upright position prior to the accident. After the accident, she raised the rails and made certain that they worked properly. She further testified that Mrs. Rosenthal told her that "she turned, changing positions and she fell".

Mrs. Rosenthal, who died prior to the trial from causes unrelated to the fall, stated in a deposition that she did not

recall having fallen out of bed. She admitted having operated the guardrails herself on occasion, stating "Yes. But I never did it myself unless I wanted to get out or something, but I would not go myself. Someone would always come and help me out or put me in". Plaintiff has alleged, both at trial and upon this appeal, that "the possible inferences [to be drawn from the evidence] were that: (1) a member of the house staff had lowered the rails, and failed to re-raise them; or (2) [Mrs.] Rosenthal had lowered them". Plaintiff then argues that Mrs. Rosenthal was incapable of lowering the rails. The trial court, in granting defendant's motion to dismiss for failure to establish a prima facie case, noted that any verdict in plaintiff's favor would have to be based on pure conjecture. We agree.

Given plaintiff's admission that she knew how to and was physically capable of lowering the bed rails, and the nurse's testimony that the rails were properly raised and functioning when she had last seen them, any verdict in plaintiff's favor on the theory that a nurse must have lowered the rail would have resulted from sheer speculation *(see, Ingersoll v Liberty Bank,* 278 NY 1; 1 NY PJI2d 62, 63). Accordingly, the dismissal for failure to establish a prima facie case was correct. Thompson, J. P., Niehoff and Kunzeman, JJ., concur.

Lawrence, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: On a motion to dismiss the complaint for failure to establish a prima facie case, we must view the evidence in the light most favorable to the plaintiff and resolve all questions of credibility in plaintiff's favor *(see, Lipsius v White,* 91 AD2d 271).

It is well settled that a hospital's failure to abide by its own rule requiring raised bed rails is some evidence of negligence *(Haber v Cross County Hosp.,* 37 NY2d 888).

In the case before us, the jury could have concluded that Mrs. Rosenthal was incapable of manipulating the mechanism necessary to lower the bed rails, based upon the medical evidence and the testimony of Mrs. Rosenthal's husband and children to the effect that she was arthritic and extremely weak. While Mrs. Rosenthal admitted upon a pretrial deposition that she could lower the rails, the jury could have chosen to disregard her testimony as she appeared to be confused during other parts of the deposition. She referred to pressing a button to lower the rails which accords more closely with the action required to summon a nurse to her bedside. Both Mrs. Rosenthal's daughter and the hospital administrator indicated that more than that was required to lower the bed rails. The

jury could also have chosen to disbelieve the duty nurse's testimony that the rails were up before the accident, as the nurse had no specific recollection of having made the rounds on the morning in question. In the alternative, in light of the "Accident-Incident Report" admitted into evidence, as well as the testimony of the duty nurse, the jury could have concluded that the rails were up when the nurse last saw them but not properly secured, and that the left rail subsequently collapsed when Mrs. Rosenthal leaned against it, causing her to fall out of bed. Since the plaintiff submitted sufficient evidence for the triers of fact to conclude that defendant's negligence caused the injuries sustained by Mrs. Rosenthal *(see, Haber v Cross County Hosp., supra),* it was improper for the trial court to dismiss the complaint.