■ LOUISE HERING et al., Appellants, v RICHARD MCSHANE et al., Defendants, and ALBANY MEDICAL CENTER HOSPITAL, Respondent.—Casey, J. Appeal from an order of the Supreme Court (White, J.), entered December 4, 1987 in Montgomery County, which granted defendant Albany Medical Center Hospital's motion for, *inter alia,* summary judgment dismissing the complaint against it.

Plaintiff Louise Hering (hereinafter plaintiff) and her husband, derivatively, have instituted suit against defendants for malpractice. The suit arose out of plaintiff's admission to

defendant Albany Medical Center Hospital on February 2, 1981 under the care of her attending physicians, defendants Ahad Makarachi and Richard McShane, to undergo a Marshall-Marchetti-Krantz procedure, which was performed by Makarachi on February 5, 1981. Four days later, on February 9, McShane, a plastic surgeon, performed an abdominoplasty to reduce abdominal scarring and redundant skin resulting from the prior procedure. Some time later during the course of plaintiff's hospitalization, McShane gave her a packet of instructions governing her postoperative care. These instructions included limitations on plaintiff's physical activities and prohibited excessive activity, including housework, for at least 4 to 6 weeks. On February 17, 1981, the date of plaintiff's discharge, the nurse's notes for that date contain the following entry, in pertinent part: "[patient] in excellent spirits; humming and rearranging her room furniture *with my help*" (emphasis supplied). Following plaintiff's discharge, her abdominal wound became infected and, as a result, healing was delayed for about seven months.

After issue was joined, the hospital moved for summary judgment to dismiss the complaint and all cross claims against it. Supreme Court granted the hospital's motion, holding that plaintiff failed to show by evidentiary proof that there was a deviation of care by any employee of the hospital and that plaintiff had not demonstrated that the nurse's alleged malpractice in helping plaintiff rearrange her room furniture was a proximate cause of plaintiff's injuries. Plaintiff appeals.

In support of her appeal, plaintiff relies upon an affidavit of Dr. J. N. P. Davies containing his opinion that such deviation and departure from accepted nursing standards by the nurse in question in failing to follow the physician's orders would constitute negligence and/or medical malpractice on the hospital's part. Plaintiff claims this affidavit in and of itself creates an issue of fact by supplying a conflicting medical opinion to that of the hospital's physicians and, therefore, summary judgment should have been denied. We disagree. The opinion of Davies presumes that the limitations placed on plaintiff's activities by McShane were communicated to the hospital employees, either directly or by being placed on plaintiff's hospital chart. These instructions were not so communicated. They were given to plaintiff privately in a packet and no orders restricting plaintiff's activities were contained on her chart or given directly to any hospital nurse by

McShane. A hospital cannot be held liable when it has received no notice of a patient's potential harm from the attending physician and has no independent notice or knowledge that the patient's condition required restricted physical activity (cf., Alaggia v North Shore Univ. Hosp., 92 AD2d 532; Horton v Niagara Falls Mem. Med. Center, 51 AD2d 152, lv denied 39 NY2d 709).

Furthermore, the hospital had no duty to intervene in the independent physician-patient relationship existing between plaintiff and McShane to inquire what the doctor's instructions were to the patient, and the hospital cannot be held vicariously liable for the acts of plaintiff's privately retained attending physician (see, Fiorentino v Wenger, 19 NY2d 407). Finally, plaintiff has not demonstrated that the act of rearranging her hospital room furniture caused or contributed to the infection which allegedly delayed her healing (see, Amsler v Verrilli, 119 AD2d 786). Accordingly, the order of Supreme Court should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.