■ JEAN TOBER, Individually and as Executrix of ARTHUR TOBER, Deceased, Respondent, v MOUNT SINAI HOSPITAL, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Mount Sinai Hospital appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Vinik, J.), entered March 30, 1988, as, upon a jury verdict on the issue of liability, is in favor of the plaintiff and against it.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the complaint is dismissed.

In October 1983 the 61-year-old decedent, while a patient at the defendant Mount Sinai Hospital, to which he was admitted for chemotherapy treatment for thyroid cancer, was found on his knees alongside his bed. At the time of the incident, he explained to the attending nurse that he "tried to get to the commode chair and fell", as a result of which he suffered a fractured hip. He died about 10 months later of unrelated causes.

The plaintiff commenced the instant action alleging, *inter alia,* that the decedent had been disoriented as a result of the chemotherapy session nine hours earlier, that the hospital knew or should have known the effects the treatment had on him in light of his having been admitted to the hospital under its "repeat admission program" for cancer patients and having experienced this difficulty on the prior occasions, and that the hospital failed to adhere to a policy of raising the bedrails on the bed of any disoriented patient, as a result of which the plaintiff's decedent attempted to leave his bed unsupervised and sustained injuries.

The hospital maintains, as it did at the trial, that the plaintiff's proof failed to establish a prima facie case of negligence. Indeed, the trial court observed that there were "serious questions whether or not a prima facie case was actually made out", yet the jury, which twice indicated that it was deadlocked, ultimately found liability on the part of the hospital. Viewing the evidence in the light most favorable to the plaintiff, we conclude "that by no rational process could the trier of the facts [have] base[d] a finding in favor of the [plaintiff] upon the evidence * * * presented" *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245; *see, Lipsius v White,* 91 AD2d 271).

The plaintiff's proof was deficient in several respects. The affirmative evidence adduced failed to circumstantially establish that the plaintiff's decedent was confused as a result of his treatment. Notes in the hospital records indicated that he was "alert and oriented" upon his admission to the hospital 36 hours prior to the accident and no change in that status was indicated. The admitting order of his attending physician permitted him to leave his bed and move about unrestricted. The plaintiff initially testified that after each prior administration of chemotherapy to the decedent, he would become disoriented for a period of 8 to 12 hours, during which time he was incapable of both getting out of bed and walking unassisted. She acknowledged, however, that this condition arose when sedatives were administered in conjunction with the

chemotherapy. The record reveals that the plaintiff's decedent had received no sedatives at the time of the accident. Moreover, the patient was described as "rational" after the incident and provided an explanation of what had happened. Although a hospital's failure to abide by its policy of requiring raised bedrails is some evidence of negligence *(see, Haber v Cross County Hosp.,* 37 NY2d 888, *on remand* 50 AD2d 885, *appeal dismissed* 38 NY2d 1001), the record is devoid of any proof supporting the conclusion that the prevailing circumstances warranted the invocation of this policy in this case. As no other evidence supports a finding of negligence, any finding in favor of the plaintiff would be purely speculative.

The plaintiff's case was also deficient on the issue of causation. Not only was the record bereft of any proof as to the positioning of the bedrails at the time of the incident, but there was no evidence from which it could be said that "the causation of the accident by th[e] negligence [alleged] may be reasonably inferred" *(Ingersoll v Liberty Bank,* 278 NY 1, 7; *Schneider v Kings Highway Hosp. Center,* 67 NY2d 743, 744); nor did the proof rule out the possibility that the plaintiff's decedent lowered the rails or met with his injuries as a result of circumstances wholly independent from the positioning of the rails. The evidence did not "render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" *(Schneider v Kings Highway Hosp., supra,* at 744; *see, La Plante v State of New York,* 31 AD2d 570; *Shanon v State of New York,* 29 AD2d 1024). Thus, the plaintiff failed to establish a prima facie case. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.