■ ANDREW RIZZITANO et al., Appellants, v BARON'S AT LAND'S END, INC., Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered May 9, 1989, which, upon a jury verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

In this action, the plaintiffs sought to recover damages for personal injuries sustained by the plaintiff Andrew Rizzitano on May 3, 1985, when he allegedly slipped and fell on a wet terrazzo-tiled ramp leading to a restaurant owned by the defendant. The plaintiffs' negligence claim was based on the defendant's alleged failure to provide rubber mats on the ramp.

Contrary to the plaintiffs' contention, the trial court properly charged the jury with regard to the circumstances which would warrant a finding that the defendant was negligent based on the alleged absence of rubber mats on the ramp. Therefore, the trial court was not required to separately charge that the defendant's alleged failure to follow its usual procedure of replacing its rubber mats on the ramp after cleaning them at night was evidence of negligence (see, e.g., *Grant v Metropolitan Transp. Auth.*, 67 AD2d 611; *Cherry v State of New York*, 42 AD2d 671, *affd* 34 NY2d 872; *cf., Haber v Cross County Hosp.*, 37 NY2d 888, 889; *Danbois v New York Cent. R. R. Co.*, 12 NY2d 234, 237-240). Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.