■ CATHERINE KADYSZEWSKI et al., Appellants, v ELLIS HOSPITAL ASSOCIATION, Respondent, et al., Defendants. [595 NYS2d 841] —Casey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered March 13, 1992 in Schenectady County, which granted defendant Ellis Hospital Association's motion for summary judgment dismissing the complaint against it.

Plaintiff Catherine Kadyszewski (hereinafter plaintiff), then 67 years of age, was admitted to the hospital of defendant Ellis Hospital Association (hereinafter defendant) under the care and treatment of her own private attending physician, suffering from left hip and thigh pain of unknown etiology, as well as anxiety and depression. On the evening of December 21, 1985, plaintiff was allegedly medicated by hospital personnel with Demoral, Vistaril, Motrin and phenobarbital. At approximately 4:45 A.M. the following day, plaintiff sustained a fractured left hip when she fell in her room after leaving her bed attempting to walk to the bathroom. Plaintiff avers that she tried for half an hour to summon aid and assistance without any response before attempting to walk to the bathroom on her own. Her action against defendant is based on malpractice and negligence. After issue was joined, defendant moved for summary judgment dismissing both causes of action against it. Supreme Court granted defendant's motion and plaintiffs appeal.

In support of its motion, defendant filed affidavits demonstrating that the treatment rendered to plaintiff was given under the direction of her own personal physician who was not an employee of defendant, that defendant on its behalf did not deviate from acceptable standards of medical care and that its motion for summary judgment dismissing the complaint against it should be granted.

We do not believe that defendant made the requisite initial showing of entitlement to judgment as a matter of law in regard to plaintiff's negligence claim. Defendant retained an independent duty to supervise plaintiff and prevent her from injuring herself, even after the attending physician's instructions were given (see, Horton v Niagara Falls Mem. Med. Ctr.,

51 AD2d 152, 154-155, *lv denied* 39 NY2d 709). One of defendant's own rules required any patient over the age of 65 years to have top side rails upon the bed during the night. Plaintiff swears that no side rails were placed upon her bed on the night in question in violation of this rule. It is generally accepted that plaintiff's attending physician did not prescribe bed rails for plaintiff. However, the general rule that a hospital is not liable in negligence for the failure to erect bed rails absent professional direction does not apply where, as here, the hospital establishes a rule that bed rails are to be set up in all cases of patients over the age of 65 years, which this patient is *(see, Haber v Cross County Hosp.,* 37 NY2d 888, 889).

Defendant's failure to abide by its own rules is some evidence of negligence *(see, supra,* at 889; *Danbois v New York Cent. R. R. Co.,* 12 NY2d 234, 239). Plaintiff's sworn allegation that no bed rails were placed on her bed in violation of this rule raises at least a question of fact as to this issue and would impose liability upon defendant if the violation is found to be a proximate cause of plaintiff's injury. If a violation of the rule is found by the jury to constitute negligence, such violation need not be the sole cause of plaintiff's injury; it need only have been a substantial factor in bringing about the injury, i.e., *a* proximate cause as distinguished from *the* proximate cause *(see, Galioto v Lakeside Hosp.,* 123 AD2d 421, 422). To establish a prima facie case based solely on circumstantial evidence, it is enough that plaintiff shows facts and conditions from which negligence of defendant and causation of the accident may reasonably be inferred *(see, Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744).

Defendant argues that bed rails, even if properly placed, would not have prevented plaintiff from leaving the bed and that their purpose is solely to prevent plaintiff from falling out of bed and not from leaving the bed. This argument is but a self-serving declaration by defendant in support of its position in this law suit and should not be considered determinative of the negligence issue presented here. Defendant's rule regarding bed side rails for patients over 65 years of age does not provide that their only purpose is to prevent a patient from falling out of bed. As a matter of proper protection in an action based on simple negligence when no expert testimony is necessary, a jury could properly decide as a matter of common knowledge that if bed rails had been properly placed in accordance with defendant's own rule a person of plaintiff's age and physical and mental condition would have been prevented or deterred from leaving her bed on her own, and

that defendant's failure to place side rails in these circumstances was a proximate cause of plaintiff's fall (see, *Coursen v New York Hosp.-Cornell Med. Ctr.,* 114 AD2d 254, 256). Accordingly, the order of Supreme Court should be modified by reversing that part of such order which dismissed the cause of action for negligence against defendant.

Weiss, P. J., and Yesawich Jr., J., concur.

Levine, J. (dissenting). The uncontradicted evidence, from the affidavit of plaintiff Catherine Kadyszewski (hereinafter plaintiff), is that she fell after completing the acts of getting out of bed, taking hold of her walker with both hands and ambulating almost to the door of her room leading to the hall where the bathroom which was her destination was located. "Your deponent asserts that because the bed rails were not up, your deponent was able to reach for the walker provided by the hospital and slip out of bed unassisted. Thereafter, your deponent *attempted to walk to the bathroom and fell just inside the doorway*" (emphasis supplied). She was found by a nurse at that location. The uncontradicted evidence also was that top side rails do not prevent a patient who has the physical capability of getting out of bed from purposely doing so. Rather, the rails are designed to prevent a patient from inadvertently falling out of bed, and the heightened risk of this kind of accident for elderly patients was the basis for the hospital rule requiring the use of siderails in an upright position at night for patients at least 65 years of age. Other mechanical restraints are used to prevent patients from purposely getting out of bed, and they are only employed upon the order of a patient's physician. Not only did plaintiff's physician refrain from ordering the use of restraints to prevent her from getting out of bed, but he actually directed that she be permitted to walk to the bathroom without assistance.

Based upon the foregoing undisputed facts, we are of the view that the failure, if any, on the part of defendant Ellis Hospital Association (hereinafter defendant) to have the top siderails on plaintiff's bed in an upright position cannot be considered a proximate cause of her accident, as a matter of law. First, in light of the uncontradicted proof that top siderails would *not* have prevented plaintiff from leaving her bed to go to the bathroom, any inference that the failure to have the siderails in place was a cause in fact of plaintiff's injury would be speculative at best and would, thus, be insufficient to support a jury finding of causation (see, *Tober v Mount Sinai Hosp.,* 149 AD2d 692, 694).

Even if one could reasonably conclude that "but for" the

absence of top siderails, plaintiff would not have left her bed and, thus, would not have fallen, plaintiff's proof that defendant's failure in this regard was a proximate cause of her injury is, nonetheless, insufficient as a matter of law. It must be remembered that the only viable theory of negligence here is based upon defendant's alleged breach of its own rule regarding the use of siderails for elderly patients; without such a rule, the failure of plaintiff's physician to order the use of siderails would be a complete defense for defendant *(see, Mossman v Albany Med. Ctr. Hosp.,* 34 AD2d 263, 264; *see also, Hering v McShane,* 145 AD2d 683).* The uncontradicted proof, however, is that the purpose of the rule was not to prevent patients from falling down after purposely leaving their beds, but to protect patients from the risk of accidentally falling out of bed. Under these circumstances, even if the rule relied upon by the majority had been codified by statute, so that the breach thereof would have been negligence per se, liability against defendant could not be imposed here because plaintiff's accident was unrelated to the kind of hazard from which the rule was intended to safeguard her. "Manifestly, a violation of [a] statute cannot 'establish liability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury' " *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513, quoting *DeHaen v Rockwood Sprinkler Co.,* 258 NY 350, 353). A fortiori, the mere violation of a hospital rule cannot give rise to liability here for an injury unrelated to the hazard the rule was designed to protect against. Put another way, any violation of the hospital rule regarding the erecting of top siderails for elderly patients at most merely furnished the condition or occasion for the occurrence of plaintiff's accident, rather than one of its causes *(see, Sheehan v City of New York,* 40 NY2d 496, 502-503; *see also, Margolin v Friedman,* 43 NY2d 982, 983; *Wirth v State of New York,* 161 AD2d 1042, 1043-1044, *appeal dismissed* 76 NY2d 876, *lv denied* 77 NY2d 802).

Accordingly, we vote to affirm Supreme Court's grant of summary judgment dismissing the complaint against defendant.

Crew III, J., concurs. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant Ellis Hospital Association's motion for summary judgment dismissing the negligence cause of action contained in the complaint; motion denied to that extent; and, as so modified, affirmed.