(December 22, 2009)

PATRICIA ALEXANDER, Appellant, v AMERICAN MEDICAL RESPONSE et al., Respondents, et al., Defendants. [893 NYS2d 87]—

The defendant American Medical Response (hereinafter AMR) and the defendants Mid-Island Center for the Aging, Inc., and the Gurwin Jewish Geriatric Center (hereinafter together Gurwin) demonstrated their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by submitting evidence establishing, inter alia, that they satisfied their respective duties "to exercise reasonable care and diligence in safeguarding" the decedent (*D'Elia v Menorah Home & Hosp. for the Aged & Infirm,* 51 AD3d 848, 850 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). The affidavit of the plaintiff's expert was not probative of the issue of whether AMR and Gurwin satisfied their respective duties to safeguard the decedent (*cf. O'Boy v Motor Coach Indus., Inc.,* 39 AD3d 512, 513-514 [2007]; *Samuel v Aroneau,* 270 AD2d 474, 475 [2000]). Furthermore, contrary to the plaintiff's contention, her submissions failed to establish, among other things, that AMR's or Gurwin's staff failed to abide by AMR's or Gurwin's internal rules and policies (*cf. Kadyszewski v Ellis Hosp. Assn.,* 192 AD2d 765, 766 [1993]). Accordingly, the Supreme Court properly granted that branch of AMR's motion and that branch of Gurwin's cross motion which were, in effect, for summary judgment dismissing the complaint insofar as asserted against them. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.