■ JOHN PETRALIA, as the Administrator of the Estate of ROSALIA PETRALIA, Deceased, Appellant, v GLENHAVEN HEALTH CARE ORGANIZATION, Doing Business as GLENGARIFF HEALTH CARE CENTER, Respondent. [39 NYS3d 515]—

In an action to recover damages for medical malpractice and negligence, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), entered April 30, 2014, which, upon an order of the same court entered April 1, 2014, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order entered April 1, 2014, is modified accordingly.

The plaintiff's decedent was 88 years old and suffering from dementia when she became a resident of the defendant's nursing home facility on June 26, 2008. On March 12, 2009, the decedent fell out of her bed at the facility and sustained an acute right distal femur fracture, which required open reduction internal fixation surgery. This fall was the eighth time the decedent had fallen from her bed since she had become a resident of the facility eight months before.

Prior to her death, the decedent commenced this action to recover damages for her personal injuries due to the defendant's negligence and medical malpractice. After the decedent died on December 3, 2011, her son (hereinafter the plaintiff), as the administrator of her estate, was substituted as the plaintiff in this action, pursuant to court order dated May 15,

2012. In his bill of particulars, the plaintiff alleged that the defendant was negligent and departed from accepted nursing home practices by failing to order and enforce proper fall precautions, to have bed rails up at the time of the occurrence, to restrain the decedent, and to timely and properly respond to a bed alarm.

Following discovery, the defendant moved for summary judgment dismissing the complaint, relying on the affirmation of its expert, who opined, inter alia, that the defendant did not deviate from the professional standard of care since the fall prevention interventions called for in the decedent's care plan were in place when the accident occurred, physical restraints were unwarranted, and the nursing staff timely responded to the decedent's bed alarm. The plaintiff opposed the motion, relying on the affirmation of his expert, who opined that the defendant deviated from the professional standard of care since the decedent's bed rails were not raised at the time of the accident, the defendant had failed to order alternate fall prevention measures, and the staff had not adequately responded to the bed alarm. The Supreme Court granted the defendant's motion, finding that the defendant had established its prima facie entitlement to judgment as a matter of law by showing that it did not depart from good and accepted nursing and professional practice, and that the plaintiff had failed to raise a triable issue of fact in opposition. Judgment was entered for the defendant, and the plaintiff appeals.

The defendant established its prima facie entitlement to judgment as a matter of law by presenting evidence that the fall prevention and injury prevention interventions called for in the decedent's care plan were in place when the accident occurred. However, in opposition, the plaintiff raised a triable issue of fact. The decedent's care plan required that the bed rails were to be raised at all times while the decedent was in bed, and the plaintiff submitted evidence that those bed rails were down when the accident occurred. The plaintiff's expert opined that the failure to raise those bed rails was a proximate cause of the accident, since those bed rails served multiple purposes, including acting as a fall prevention device, reminding the patient not to get out of bed when medically contraindicated, and providing emotional comfort and feelings of security.

A facility may be held liable for the failure to follow a physician's order to use bed rails (*see Mossman v Albany Med. Ctr. Hosp.*, 34 AD2d 263, 264 [1970]) or if the facility's protocols establish that bed rails are to be used (*see Haber v Cross County Hosp.*, 37 NY2d 888, 889 [1975]; *Kadyszewski v Ellis*

*Hosp. Assn.*, 192 AD2d 765, 766 [1993]). Since the plaintiff raised a triable issue of fact as to whether an alleged failure to have the bed rails raised was a proximate cause of the accident, the defendant's motion for summary judgment should have been denied (*see Haber v Cross County Hosp.*, 37 NY2d at 889; *Kadyszewski v Ellis Hosp. Assn.*, 192 AD2d at 766).

In light of our determination, we need not reach the plaintiff's remaining contentions. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.