Ogarro v St. Luke's Roosevelt Hosp. Ctr. (2018 NY Slip Op 01170)





Ogarro v St. Luke's Roosevelt Hosp. Ctr.


2018 NY Slip Op 01170


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


5767 800297/11

[*1]Jeffrey Ogarro, as Administrator of the Estate of Jeffrey Thomas, deceased, Plaintiff-Appellant,
v
St. Luke's Roosevelt Hospital Center, Defendant-Respondent, "John Doe, M.D. 1-3," Defendants.


Alpert, Slobin & Rubenstein, LLP, Garden City (Lisa M. Comeau of counsel), for appellant.
Schiavetti, Corgan Diedwards, Weinberg & Nicholson, LLP, New York (Samantha E. Quinn of counsel), for respondent.



Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 7, 2016, which granted defendant St. Luke's Roosevelt Hospital Center's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs, and the motion denied.
While standing in his hospital room, decedent experienced an episode of asystole (a state of no cardiac electrical activity) and collapsed, suffering a cerebral hemorrhage when his head struck the floor. Plaintiff alleges that defendant hospital failed to properly restrict or supervise decedent's ambulation.
Defendant met its burden of demonstrating its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Defendant submitted affirmations from two medical experts which established that it did not depart from good and accepted medical practice in its assessment of decedent as a low to moderate fall risk or by failing to sufficiently restrict or supervise his ambulation, and that in any event defendant's care and treatment of decedent did not proximately cause his injuries, which resulted from a fall caused by a sudden, unpredictable and unpreventable asystole (see Foster—Sturrup v Long, 95 AD3d 726, 727—728 [1st Dept 2012]).
In opposition, plaintiff failed to raise a material issue of fact. Plaintiff's expert's opinion, that in retrospect, decedent should have been kept in bed, is unsupported hindsight reasoning inappropriate to defeat summary judgment (see Kristal R. v. Nichter, 115 AD3d 409 [1st Dept 2014]). Plaintiff's assertion that defendant violated its protocols for fall prevention for moderate risk patients by failing to reinforce the use of the call bell and keeping bed rails up is speculative. In any event, while a "hospital's failure to abide by its own rule is some evidence of negligence" (Haber v Cross County Hosp., 37 NY2d 888, 889 [1975]), plaintiff still must show causation. [*2]Decedent's injuries resulted from a subdural hemorrhage that occurred secondary to a fall caused by an episode of asystole that could not have been anticipated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK