Rosado v Rosa Coplon Jewish Home (2021 NY Slip Op 04432)





Rosado v Rosa Coplon Jewish Home


2021 NY Slip Op 04432


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


221 CA 20-00082

[*1]AMBROSIA ROSADO, AS ADMINISTRATRIX OF THE ESTATE OF CRISTINA ROSARIO, DECEASED, PLAINTIFF-APPELLANT,
v
ROSA COPLON JEWISH HOME AND INFIRMARY, ROSA COPLON JEWISH HOME AND INFIRMARY, INC., MENORAH CAMPUS ADULT HOME, INC., MENORAH CAMPUS, INC., THE HARRY AND JEANETTE WEINBERG CAMPUS AND WEINBERG CAMPUS, DEFENDANTS-RESPONDENTS. 






BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (MEGHANN N. ROEHL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 3, 2020. The order granted defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendants' motion in part and reinstating the first and second causes of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff, as administratrix of the estate of her mother (decedent), commenced this action seeking damages for, inter alia, decedent's personal injuries and wrongful death. Decedent was a resident of a long-term health care facility owned and operated by defendants. Decedent sustained a broken hip as a result of an unwitnessed fall from her bed, and she ultimately died several weeks later. In the complaint, as amplified by the bill of particulars, plaintiff alleged, among other things, that decedent's injuries and death were caused by defendants' negligent failure to prevent decedent's fall. Following discovery, defendants moved for summary judgment dismissing the complaint on, inter alia, the grounds that they met the requisite standard of medical and nursing home care and that their conduct was not the proximate cause of decedent's injuries and death. Supreme Court granted the motion and dismissed the complaint, and plaintiff now appeals.
Even assuming arguendo that defendants met their initial burden of demonstrating their entitlement to judgment as a matter of law on each of the causes of action in the complaint (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), we conclude that plaintiff raised a triable issue of fact with respect to the causes of action based on allegations of negligence. Plaintiff submitted an expert affidavit from a physician with extensive experience in the treatment of geriatric patients and who is familiar with the standards of care applicable for skilled nursing facilities, including those in New York as they existed during the relevant time period (see generally Pichardo v St. Barnabas Nursing Home, Inc., 134 AD3d 421, 424 [1st Dept 2015]). The expert opined that, based on decedent's history of over 30 falls while at defendants' facility, decedent was a "high fall risk." Plaintiff's expert set forth the interventions that defendants failed to implement to reduce decedent's known and documented risk of falling. Moreover, he opined that, in this case, defendants failed to meet the relevant standard of care because they failed to use bed restraints, which were appropriate and would have prevented decedent's fall, and failed to use side rails, alarms and motion detectors, which also would have [*2]prevented decedent's fall. Thus, his affidavit raises a question of fact whether defendants were negligent by failing to implement available precautions to protect decedent from a foreseeable risk of falling (see D'Elia v Menorah Home & Hosp. for the Aged & Infirm, 51 AD3d 848, 852 [2d Dept 2008]), and whether that negligence was a proximate cause of decedent's fall (see generally Kadyszewski v Ellis Hosp. Assn., 192 AD2d 765, 766-767 [3d Dept 1993]).
We have considered plaintiff's remaining contentions and we conclude that they do not require reversal or further modification of the order.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court